PER CURIAM.
The issues involved in this appeal, from the trial court’s dismissal of the husband’s Petition for Modification, center around two pivotal questions involved in the trial court’s dismissal of the Petition for Modification filed by Mr. Moore, the former husband herein.
First, did the parties’ 1986 recovery in their medical malpractice lawsuit, which occurred seven years after their 1979 divorce, constitute a substantial change in circumstances? The trial court held that it did not. However, the evidence does not support that ruling. The record reveals that the wife received proceeds from the recovery in a net amount that was in excess of $350,000.00. In addition, the minor child of the parties received a net recovery that was well in excess of one million dollars. The amount that the husband received from the recovery was slightly more than $150,000.00.
Second, was the recovery received by the parties in the malpractice litigation anticipated by the original property settlement agreement and Final Judgment of Dissolution? The trial court ruled that the recovery was anticipated. This ruling is unsupported by the evidence in the record which reflects that the recovery was neither contemplated nor considered by the parties in connection with the property settlement agreement. See Jaffee v. Jaffee, 394 So.2d 443 (Fla. 3d DCA 1981).
Accordingly, the dismissal of Mr. Moore’s Petition for Modification is hereby reversed and the case is remanded to the trial court so that the said petition can be set for a new evidentiary hearing (which can be heard after the parties have hád an opportunity to obtain adequate discovery) and such other proceedings as may be consistent herewith.
Reversed.